## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## _____ DIVISION

**KENNY GIPSON, JR.**                                              **Plaintiff**

    **v.**                          **No. _____**

**BRIAN DAVIS, Individually and in his**
**Official capacity as an employee of the Baxter**
**County Sheriff's Department;**
**MIKE HOLLAND, Individually and in his**
**Official capacity as an employee of the Baxter**
**County Sheriff's Department;**
**JOHN MONTGOMERY, Individually and in**
**his Official capacity as the Baxter County Sheriff;**
**and the BAXTER COUNTY SHERIFF'S**
**DEPARTMENT**                                              **Defendants**

## COMPLAINT

NOW COMES, Plaintiff, Kenny Gipson, Jr., by and through his attorney, John Ogles, for his cause of action states as follows:

### I.    JURISDICTION AND VENUE

1.    This action arises under the United States Constitution, particularly under the Fourth and Fourteenth Amendments, under law, particularly the Civil Rights Act of 1871 and 42 U.S.C. §1983. This Honorable Court has jurisdiction by

virtue of 28 U.S.C. §§1331 and 1367. Venue is founded in this Court upon 28 U.S.C.

§1391 as the acts and actions of which Plaintiffs complains arose in this District.

## II.   PARTIES

2.     At all relevant times, Kenny Gipson, Jr. (hereinafter referred to as Gipson), was a citizen of the United States of America and was, therefore entitled to all legal and constitutional rights afforded citizens of the United States of America. At all relevant times, Gipson resided at 26 Justin Lane, Mountain Home, Baxter County, Arkansas 72653.

3.     Baxter County is a local governmental subdivision of the State of Arkansas, and as such is a person amendable to suit under 42 U.S.C. §1983 and A.C.A. §16-123-101 et seq.

4.     At all relevant times, Brian Davis, Individually and in his Official Capacity as an employee of the Baxter County Sheriff's Department ("Davis") was employed by the Baxter County Sheriff's Department as a law enforcement officer, and was acting under the color of state law, within the scope of his employment on the morning of September 6, 2018. Prior to September 6, 2018, Davis was ostensibly trained in police work, including by not limited to, the Fourth Amendment of the United States Constitution, and was fully apprised of Baxter County Sheriff's rules and regulations.

5.     At all relevant times, Mike Holland, Individually and in his Official Capacity as an employee of the Baxter County Sheriff's Department ("Holland") was employed by the Baxter County Sheriff's Department (hereinafter "BCSD") as a law enforcement officer, and was acting under the color of state law, within the scope of his employment on the morning of September 6, 2018. Prior to September 6, 2018, Holland was ostensibly trained in law enforcement work, including by not limited to, the Fourth Amendment of the United States Constitution, and was fully apprised of Baxter County Sheriff's rules and regulations.

6.     At all relevant times, John Montgomery, Individually and in his Official capacity as the Baxter County Sheriff ("Montgomery") was elected by the residents of Baxter County, Arkansas as the Sheriff.  Montgomery acted under the color of state law, and within the scope of his employment and election on September 6, 2018, therein and to the present time.  At all relevant times, Montgomery had the ultimate responsibility within the Baxter County Sheriff's Department for the protection of life, perseveration of law and order, investigation of crimes, and the enforcement of state and county laws, rules, and ordinances. He had a duty to uphold the United States Constitution at all times. At all relevant times, the Baxter County Sheriff's Department functioned as an apparatus within Baxter County, and functioned as an extension of the County, providing law enforcement throughout.

7.     At all relevant times, including September 6, 2018, and for years prior thereto, Montgomery had final policy-making authority in terms of creating, adopting, implementing and/or enforcing policies within Baxter County, whether formal or informal. At all relevant times, including September 6, 2018, and for the time since being elected, Montgomery had final decision-making authority in terms of training, supervision, control, and discipline of Baxter County Sheriff's Officers and Deputies.

8.     On September 6, 2018, and at all relevant times, all BSCD Deputies, including Davis and Holland, were required to be apprised of the Fourth Amendment of the United States Constitution, the proper use of force, and were required to follow all BSCD policies at all times.

9.     At all relevant times, BSCD was located inside the County of Baxter, State of Arkansas, and was the employer of the individually named defendants. The BSCD is empowered, funded and directed to pay a §1983 Civil Rights judgment for compensatory damages, actual damages, and attorney fees for which any county employee acting within the scope of his or her employment is found liable. The BSCD is an indemnification party for those liable in the acts of which plaintiff complains.

10.     At all relevant times, the BSCD was insured against lawsuits premised upon the actions or omissions of its police officers, within the scope of employment,

4

which constitute violations of citizens' civil rights. The acts of which plaintiff complains constitute a civil rights lawsuit against Baxter County, and Baxter County employed defendants. Baxter County is a primary or secondary indemnification party regarding the acts of the Baxter County employed defendants of which plaintiff complains.

## III.   FACTS

11.    All of the allegations previously pled herein are re-alleged as though stated word for word.

12.    John Montgomery, as the duly elected and legally constituted Sheriff of Baxter County, Arkansas, has the ultimate responsibility within the Baxter County Sheriff's Department for the protection of life and property, preservation of law and order, investigation and suppression of all crimes, the enforcement of State Laws and County Ordinances, and overall operation of the Baxter County law enforcement officers and deputies.

13.    The Montgomery's duties and responsibilities, with respect to the deputies within the Patrol Division, include but are not limited to: hiring, training, supervision, discipline, and transfers between the different divisions.

14.    John Montgomery is responsible for managing the day to day operations of the BSCD in compliance with the requirements of the United States Constitution, federal laws, the Arkansas Constitution, state laws, and county laws.

15.     John Montgomery as the chief decision maker and final policy maker for the Sheriff's Office, including but not limited to, Patrol Division, with respect to such decisions as hiring, training, supervision, disciplinary actions, transfers, and termination.

16.     Baxter County is a local governmental subdivision of the State of Arkansas, and as such is a person under 42 U.S.C. §1983 and the Arkansas Civil Rights Act and is amenable to suit thereunder.

17.     As a governmental entity, Baxter County is not entitled to qualified immunity.

18.     John Montgomery is also being sued in his individual capacity for his actions and inactions which were a moving force behind the deprivations of Gipson's civil rights.

19.     John Montgomery has the authority to make decision with respect to how the patrol deputies who have contact, handle, and deal with citizens, detainees, and arrestees.

20.     Davis and Holland responded to a 911 call at 26 Justin Lane, Mountain Home, AR, 72653, on September 6, 2018. Prior to this phone call, Gipson was in his bedroom huffing compressed air.

21.    Gipson is an addict, and his mother, Brenda Gipson, wanted him to get help. She called the 911 in hopes that the paramedics would take him to the hospital. The paramedics called the Baxter County Sheriffs to assist with transportation.

22.    At some point after the officers arrived, Gipson agreed to talk with the paramedics on scene.

23.    Gipson walked past all the officers in the house and attempted to go out the garage door where he was subdued with several tasers. As a result of the Baxter County officers and deputies tasering Gipson, his head violently jerked and slammed into the concrete driveway. The officers and deputies repeatedly and continuously sent Gipson shocks with their tasers until their taser guns were empty.

24.    Gipson can be heard begging the officers to "please let me up, it hurts so bad". Instead the officers proceeded to hold Gipson to the ground, restricting his breathing and mobility. There was a puddle of blood in the driveway resulting from the violent fall from the taser, and the officers subduing him.

25.    Following this ordeal, Gipson was transferred to the Baxter County Hospital where he was put on a ventilator, then driven to St. Vincent's Hospital in Little Rock, Arkansas, and admitted to the Intensive Care Unit ("ICU").

26.    Gipson remained on a ventilator for thirty (30) days in the ICU in a coma. On October 8, 2018, Gipson was taken off the ventilator, and was given a tracheotomy, while being fed through a stomach tube.

7

27.    Gipson suffered injury to his brain, and as a result, the surgeon had to remove a large portion of his skull.

28.    As a result of Davis's and Holland's gross misconduct, the plaintiff suffered physical damage and injury.

## IV.   COUNT I

### BRIAN DAVIS
### EXCESSIVE FORCE IN VIOLATION
### OF THE FOURTH AMENDMENT

29.    All of the allegations previously pled herein are re-alleged as though stated word for word.

30.    Gipson's right to be free of unreasonable force as protected by the Fourth Amendment was clearly and well established for more than two decades prior to the complained of incident.

31.    Davis was aware of Gipson's right to be free of unreasonable force.

32.    Davis wrongfully using his taser on Gipson was purposeful and knowing use of force and objectively unreasonable.

33.    Davis used excessive force against Gipson, causing severe injury, pain, suffering, embarrassment, and incarceration.

34.    Davis knew that he was violating Gipson's right to be free of unreasonable force.

35.    The force used by Davis was unnecessary and unreasonable and was therefore, in violation of Gipson's Fourth Amendment Rights. Therefore, Davis is liable to Plaintiff in damages pursuant to 42 U.S.C. §1983, including pain and suffering and punitive damages. Davis is not entitled to qualified immunity.

36.    Plaintiff acted in a manner any responsible person would have under the circumstances.

## V.    COUNT II

**MIKE HOLLAND**
**EXCESSIVE FORCE IN VIOLATION**
**OF THE FOURTH AMENDMENT**

37.    All of the allegations previously plead herein are re-alleged as though stated word for word.

38.    Gipson's right to be free of unreasonable force as protected by the 4th Amendment was clearly and well established for more than two decades prior to the complained of incident.

39.    Holland was aware of Gipson's right to be free of unreasonable force.

40.    Holland wrongfully using his taser on Gipson was purposeful and knowing use of force and objectively unreasonable.

41.    Holland used excessive force against Gipson, causing severe injury, pain, embarrassment, and incarceration.

42.     Holland knew that he was violating Gipson's right to be free of unreasonable force.

43.     The force used by Holland was unnecessary and unreasonable, and was therefore, in violation of Gipson's Fourth Amendment Rights. Therefore, Holland is liable to Plaintiff in damages pursuant to 42 U.S.C. §1983, including pain and suffering and punitive damages. Holland is not entitled to qualified immunity**.**

44.     Plaintiff acted in a manner any reasonable person would have under the circumstances.

## VI.    COUNT III

### JOHN MONTGOMERY
### FAILURE TO TRAIN, SUPERVISE AND
### DISIPLINE BSCD, AND FOR MAINTAINING A WIDESPREAD
### CUSTOM OF EXCESSIVE FORCE

45.     All of the allegations previously pled herein are re-alleged as though stated word for word.

46.     At all relevant times, John Montgomery, with reckless and deliberate indifference to the constitutional rights of the citizens of the county of Baxter failed to adequately train, supervise, discipline BSCD officers, and maintained a widespread "custom" of excessive force, so as to constitute an informal policy.

## VII.   COUNT IV
### SUBSTANTIVE DUE PROCESS VIOLATIONS

47.    All of the allegations previously pled herein are re-alleged as though stated word for word.

48.    The Due Process Clause of the Fourteenth Amendment forbids the County from depriving any person, life liberty or property without due process of the law.

## VIII.  COUNT V
## STATE LAW CLAIMS

49.    All of the allegations previously pled herein are re-alleged as though stated word for word.

50.    Arkansas' crime victim's civil liability statute, Ark. Code Ann. §16-118-107 provides a civil cause of action to "[a]ny person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law."

51.    A.C.A. §5-13-203, provides a person commits battery in the third degree if with the purpose of causing physical injury to another person, the person causes physical injury to any person; or the person recklessly causes physical injury to another person.

52.    Davis and Holland purposely and recklessly, and not for any legitimate penal reason or purpose, caused physical injury to Gipson.

53.    In addition to Davis' and Holland's actions, Gipson also seeks redress for John Montgomery's decision as the County policy maker and final decision

maker with regard to the Baxter County Sheriff's Department which has the force and effect of policy for the County.

## IX.   DEMAND FOR A JURY TRIAL

54.   Plaintiff hereby requests a trial by a jury.

## X.   DEMAND AND PRAYER

55.   All of the allegations previously pled herein are re-alleged as though stated word for word.

56.   Plaintiff sustained personal injuries and damages as a result of the acts, omissions, customs and policies complained of herein.

57.   Plaintiff is entitled to the following damages:

A.   Compensatory damages for violation of his rights, privileges, and immunities protected by the United States and Arkansas Constitutions;

B.   Compensatory damages for his pain and suffering and emotional distress;

C.   The full extent of the injuries he sustained;

D.   Any pain or suffering, mental anguish experience in the past and reasonably certain to be experienced in the future;

E.   The value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and

F.   For any property damage he sustained;

58.     The injuries described herein have been suffered in the past and will be continuing in the future.

WHEREFORE, Plaintiff, Kenny Gipson, Jr., by and through his attorneys, Ogles Law Firm, P.A., and B. Jeffery Pence, request judgment against the Defendants and each of them:

1.     That Defendants be required to pay Plaintiff's compensatory damages:

2.     That Defendants be required to pay actual damages;

3.     That Defendants be required to pay attorneys' fees per 42 U.S.C. §1988; and

4.     That Plaintiff have any other such proper relief as this Honorable Court deems just and proper.

Further, Plaintiffs' compensatory injuries and damages exceed $100,000.00.

Plaintiff also asks for punitive damages to be assessed against Defendants for the above reasons mentioned for Defendants intentional course of conduct for the purpose of causing damage and embarrassment to Plaintiff all in excess of $100,000.00.

Respectfully submitted,

John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
Ogles Law Firm, P.A.
200 S. Jeff Davis
Post Office Box 891
Jacksonville, Arkansas 72078
501-982-8339 (p) 501-985-1403 (fax)

Attorney for Plaintiff