# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# HARRISON DIVISION

**KENNY GIPSON**                                                                            **PLAINTIFF**

**VS.**                        **NO.  3:19-CV-03050-TLB**

**BRIAN DAVIS, Individually and in his
Official capacity as an employee of the
Baxter County Sheriff's Department;
MIKE HOLLAND, Individually and
in his Official capacity as an employee
of the Baxter County Sheriff's Department;
JOHN MONTGOMERY, Individually
and in his Official capacity as the Baxter
County Sheriff; and the BAXTER COUNTY
SHERIFF'S DEPARTMENT**                                            **DEFENDANTS**

## ANSWER

Come now the Defendants, Brian Davis, Mike Holland, and John Montgomery, individually and in their official capacities, and purported Defendant "Baxter County Sheriff's Department," and for their Answer to the Plaintiff's Complaint, state the following:

1. The Defendants affirmatively plead that the Constitution and laws of Arkansas, the Constitution and laws of the United States, and the allegations in the Plaintiff's Complaint speak for themselves (the Defendants deny the allegations in the Plaintiff's Complaint, as set forth herein), but deny, as pleaded, the remainder of the allegations, and any contradictory allegations, in paragraph 1, of Plaintiff's Complaint.

2. The Defendants admit, upon information and belief, that the Plaintiff is a U.S. citizen and that he resided in Baxter County, Arkansas, in September, 2018, but deny, as pleaded, the remainder of the allegations, and any contradictory allegations, in paragraph 2 of the Plaintiff's Complaint.

3 The Defendants affirmatively plead that the Constitution and laws of Arkansas and the Constitution and laws of the United States and the allegations in the Plaintiff's Complaint speak for themselves (the Defendants deny the allegations in the Plaintiff's Complaint, as set forth herein) and admit that Baxter County is a political subdivision of the State of Arkansas (the "Baxter County

1

Sheriff's Department" is not, see motion to dismiss filed contemporaneously, which is adopted and incorporated herein by reference, as if restated word for word), that John Montgomery is (and was, in September, 2018) the Sheriff of Baxter County and that Mike Holland and Brian Davis are (and were, in September, 2018) Baxter County deputies and certified law enforcement officers and have received training in that regard, including but not limited to the Arkansas Law Enforcement Training Acadey, but deny, as pleaded, the remainder of the allegations, and any contradictory allegations, in paragraphs 3, 4, 5, 6, 7, 8, 9 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19 of the Plaintiff's Complaint.

4. The Defendants affirmatively plead that, on or about September 6, 2018, the Plaintiff's mother called the police for assistance because the Plaintiff was huffing compressed air, threatening self-harm/suicide, and being very aggressive toward her, that deputies Davis and Holland responded to the scene, that the paramedics would not go to the scene until the officers arrived in light of the Plaintiff's threatening words and/or behavior, that the officers took the compressed air away from the Plaintiff and attempted to calm him down, that the Plaintiff would not calm down or follow the officers' instructions, but continued to engage in unruly and threatening behavior, culminating in the Plaintiff pushing past the officers in the direction of the paramedics, others, the street, and/or a vehicle, that the deputies independently (but nearly simultaneously) made the choice to deploy their tasers to try to prevent the Plaintiff from harming himself or others, that the Plaintiff went to the ground but remained highly combative, that the paramedics administered multiple doses of a sedative, and that the paramedics then transported him away from the scene, but deny, as pleaded, the remainder of the allegations, and any contradictory allegations, in paragraphs 20, 21, 22, 23, 24, and 28 of the Plaintiff's Complaint.

5. The Defendants are without sufficient knowledge or information to admit or deny the allegations in paragraphs 25, 26, and 27 of the Plaintiff's Complaint and, therefore, deny the same.

6. The Defendants affirmatively plead that the Constitution and laws of Arkansas and of the United States speak for themselves, but deny, as pleaded, the remainder of the allegations, and any contradictory allegations, in paragraphs 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43,

44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, and 58 of Plaintiff's Complaint, including all sub-paragraphs.

7. The Defendants deny, as pleaded, the unnumbered "Wherefore" clause of Plaintiff's Complaint, including all sub-paragraphs/clauses.

8. The Defendants specifically and expressly deny each and every allegation of Plaintiff's Complaint not specifically and expressly admitted herein.

9. The Defendants assert and reserve the right to file an Amended Answer or other responsive pleading(s) and/or to assert additional affirmative and other defenses after they have had a chance to investigate the claims and allegations in Plaintiff's Complaint.

10. The Defendants respectfully demand a trial by jury on all genuine issues of material fact and join in the Plaintiff's demand for the same, as set forth in paragraph 54 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

11. The Defendants assert the following affirmative defenses:

   A. Punitive damages immunity, *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 69 L.Ed.2d 616, 101 S.Ct. 2748 (1981);

   B. Qualified immunity;

   C. Tort immunity and statutory tort immunity, *see* Ark. Code Ann. §21-9-301;

   D. Sovereign immunity;

   E. Statutory vicarious liability/respondeat superior immunity, *see* Ark. Code Ann. §21-9-301;

   F. The Defendants are not proper parties to a tort action in any event, *see* Ark. Code Ann. § 23-79-210

   G. Justification;

   H. Mootness, as applicable;

   I. Waiver/Estoppel/Laches;

J. Common Defense Doctrine;

K. Comparative fault;

L. The "Baxter County Sheriff's Department" is not amenable to suit under controlling law;

M. The Defendants avail themselves of all applicable defenses under Rules 8 and 12 of the Federal Rules of Civil Procedure;

N. The Plaintiff has failed to state a claim upon which relief can be granted;

O. The Defendants avail themselves of all statute of limitations defenses applicable to this claim, including, but not limited to Ark. Code Ann. 16-56-101, *et seq.*;

P. The Defendants reserve and preserve the right to assert any available counterclaims and/or third-party claims under Fed. R. Civ. Proc. 13 & 14.

WHEREFORE, the Baxter County Defendants respectfully request that Plaintiff's and for any and all other just and proper relief to which they are entitled.

Respectfully submitted,

BRIAN DAVIS, Individually and in his
Official capacity as an employee of the
Baxter County Sheriff's Department;
MIKE HOLLAND, Individually and
in his Official capacity as an employee
of the Baxter County Sheriff's Department;
JOHN MONTGOMERY, Individually
and in his Official capacity as the Baxter
County Sheriff; and the BAXTER COUNTY
SHERIFF'S DEPARTMENT,
*Defendants*

Jason E. Owens
Ark. Bar. No. 2003003
JASON OWENS LAW FIRM, P.A.
**Mailing Address:** P.O. Box 850
Conway, Arkansas 72033-0850
**Physical Address:** 1023 Main Street, Suite 203
Conway, Arkansas 72032
Telephone: (501) 764-4334
Telefax: (501) 764-9173
email: owens@jowenslawfirm.com